UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JESHUA NACE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No: 6:19-cv-00029-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CORNELIA VERBANN SHEA, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

**I**

The Plaintiff, Jeshua Nace, brought an action in Bell Circuit Court alleging defamation by the Defendants Cornelia and William Shea. [R. 1.] The Defendants then removed this action to federal court pursuant to 28 U.S.C. § 1441. [R. 1.] But Nace argues this Court has no jurisdiction because he is not seeking an amount that exceeds $75,000. [R. 7.] In response, the Defendants seek dismissal for lack of jurisdiction. [R. 12.] Because remand is typically decided first, Nace's Motion to Remand is **GRANTED**.

**II**

**A**

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and the dispute is between" those who are "citizens of different states."  28 U.S.C. § 1332(a)(1).

In making this assessment, the Court considers whether federal jurisdiction existed at the time of

removal.  *See Everett v. Verizon Wireless, Inc*., 460 F.3d 818, 822 (6th Cir. 2006).  Because

federal courts are courts of limited jurisdiction, "the removal statute should be strictly

construed," and any doubts should be resolved in favor of remanding the case to state court.

*Eastman v. Marine Mech. Corp*., 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp.

at 1307 (citations omitted).

Where a plaintiff's complaint requests an indeterminate amount in damages, the "Court

places a burden on a defendant seeking to remove an action to federal court to show by a

preponderance of the evidence that the amount in controversy requirement has been met."  *Hayes

v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).  A defendant is not required to

prove to a legal certainty that a plaintiff's damages are greater than $75,000.  *Id.* at 572.   "A

defendant's claims of the amount in controversy must be supported by 'competent proof,' which

can include affidavits, documents, or interrogatories."  *Ramsey v. Kearns*, 2012 U.S. Dist.

LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*,

298 U.S. 178, 189 (1936)).

## II

### A

Kentucky's Rules of Civil Procedure prevent a plaintiff seeking unliquidated damages

from specifying a dollar amount in any pleading.  *See* Ky. R. Civ. P. 8.01.  As a result, a plaintiff

can make a post-removal clarification, in the form of a stipulation, concerning the amount of

damages he seeks.  *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F.Supp.3d 775, 780 (E.D.

Ky. 2014).  Here, Nace has declared under penalty of perjury that he will neither seek nor accept

any damages greater than $74,999. This declaration is enough to defeat diversity jurisdiction which the Defendants all but concede. Instead, the Defendant's argue that this Court should determine jurisdiction first. However, where subject-matter jurisdiction is easily decided, as it is here, the Court should favor remand. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586-88 (1999). For that reason, this Court declines to consider the Defendants' Motion to Dismiss for Lack of Jurisdiction. [R. 6.]

### III

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion [**R. 7**] is **GRANTED** as to remand**;**

2. Defendants' Motion to Dismiss for Lack of Jurisdiction [**R. 6**] and Motion to Dismiss for Failure to State a Claim [**R. 5**] are **DENIED**;

3. This action is **REMANDED** in its entirety to the Bell Circuit Court from which it was removed; and

4. This matter is **STRICKEN** from the Court's active docket.

This the 26th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge